**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Deborah CORDELL,
Defendant–Appellant.**

**No. 90–3011.**

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 30, 1990.

Decided Jan. 30, 1991.

Rehearing Denied Feb. 26, 1991.

Robert A. Behlen, Jr., Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff-appellee.

Gary L. Sheets, Hamilton, Ohio, for defendant-appellant.

Before MARTIN and JONES, Circuit Judges, and EDGAR, District Judge.*

PER CURIAM.

Defendant-appellant Deborah Cordell appeals her convictions for bank robbery. For the following reasons, we affirm the judgment of the district court.

## I.

On March 30, 1989, the Dollar Federal Savings Bank in West Chester, Ohio was robbed by a female. The robber was allegedly armed during the commission of the Dollar Federal bank robbery. The robber left the bank with approximately $33,600 in cash. On April 25, 1989, the Union Savings Bank in Landen, Ohio was also robbed by a female. The robber used a toy gun in robbing the Union Savings Bank. The robber left the Union Savings Bank with approximately $600.00 in cash. Deborah Cordell was later arrested.

On May 17, 1989, a federal grand jury returned a three-count indictment against Cordell. Count one of the indictment charged Cordell with the armed bank robbery of Dollar Federal Savings Bank in West Chester, Ohio, in violation of 18 U.S.C. § 2113(a) and (d). Count two charged Cordell with possession of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Finally, count three charged Cordell with

---

* The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennes-   see, sitting by designation.

the unarmed bank robbery of Union Savings Bank in Landen, Ohio, in violation of 18 U.S.C. § 2113(a). Cordell was convicted on count one for the lesser-included offense of unarmed robbery and on count three for unarmed robbery. Cordell, however, was found not guilty of count two. On December 15, 1989, Cordell was sentenced. This timely appeal followed.

Cordell raises several issues on appeal, chief of which are: (1) whether the district court's requiring her court-appointed replacement counsel to proceed to trial on less than ten days notice constituted prejudicial error; (2) whether the district court abused its discretion in denying her motion for mistrial; (3) whether her convictions are supported by substantial evidence; and (4) whether Sentencing Guideline § 3E1.1 is violative of Cordell's Fifth and Sixth Amendment rights.

## II.

■ First, Cordell argues that the district court's requiring her court-appointed replacement counsel to proceed to trial with fewer than ten days in which to prepare her defense constituted prejudicial error. We disagree.

Cordell's initial appearance was held on May 5, 1989. She indicated at that time that she would retain counsel. Cordell and her retained counsel, James M. Looker, signed the Waiver of Preliminary Examination which was filed on May 15, 1989. Cordell was arraigned on June 5, 1989, following the May 15, 1989, indictment. Looker filed a discovery demand, and he attended the final pretrial conference before the district judge on June 27, 1989. During this conference, trial was scheduled for August 7, 1989.

On July 13, 1989, Looker filed a motion to withdraw. In the absence of the district judge, a United States magistrate granted the motion to withdraw on the condition that Cordell retain new counsel by July 21, 1989. Cordell failed to retain counsel, and on July 24, 1989, the court appointed John Bell to represent Cordell. A copy of the entire case file was sent to Bell.

Cordell's newly appointed counsel did not file a motion for continuance. Bell did, however, file a second notice of alibi, a motion for leave to seat the defendant in the gallery when the government's identification witnesses were called to testify and a motion in limine. Trial commenced as scheduled on August 7, 1989. At trial, Bell called eleven witnesses on behalf of Cordell.

"While the plain language of the [Sixth] [A]mendment simply guarantees a defendant 'the Assistance of Counsel for his defence,' [sic] such language encompasses a guarantee of ... [the] right to preparation period sufficient to assure minimum quality counsel." *Wilson v. Mintzes*, 761 F.2d 275, 278 (6th Cir.1985) (citing *Birt v. Montgomery*, 725 F.2d 587, 592 (11th Cir.) (en banc), *cert. denied*, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984)). "We have held that defendants have been deprived by [sic] the effective assistance of counsel when court-appointed counsel was required to proceed to trial immediately after appointment without adequate opportunity for preparation." *Kelly v. Wingo*, 472 F.2d 717, 719 (6th Cir.1973). *See also Linton v. Perini*, 656 F.2d 207, 211 (6th Cir.1981), *cert. denied*, 454 U.S. 1162, 102 S.Ct. 1036, 71 L.Ed.2d 318 (1982) (defense counsel admitted "that he was not able to thoroughly investigate the background of the prosecutrix and did not interview several potential witnesses.... In light of these facts, the Court doubts that the 10 days or 14 days afforded here were adequate."). However, "there are no mechanical tests for determining the amount of time required for adequate preparation for trial in a criminal case." *United States v. Wirsing*, 719 F.2d 859, 866 (6th Cir.1983). It is therefore incumbent upon the defendant here to show prejudice. *Id.* " 'The question whether or not the defendant has been prejudiced must be determined by the Court by consideration of all the facts and circumstances in the case.' " *United States v. Knight*, 443 F.2d 174, 177 (6th Cir.1971) (quoting *Callahan v. Russell*, 423 F.2d 450, 454 (6th Cir.1970)) (Sixth Amendment violation where defendant only given

fifteen minutes or so to consult with counsel before trial).

A review of the record reveals that Cordell's court-appointed counsel had adequate time to prepare for her defense and thus that Cordell was not substantially prejudiced. Cordell argues that Bell had less than ten days to prepare for trial, but the record reflects that Bell had at least fourteen days to prepare. *See Juarez–Flores v. United States*, 394 F.2d 161, 163 (5th Cir.), *cert. denied*, 393 U.S. 942, 89 S.Ct. 311, 21 L.Ed.2d 278 (1968) (no violation when attorney appointed eleven days before trial). Further, Bell's handling of Cordell's case, both prior to and during trial, as evidenced above, suggests that he was adequately prepared to defend Cordell. Cordell does not argue that the demands on her counsel's time during the fourteen days prior to trial was such that he was unable to spend an adequate amount of time on her case. Also, we note that Cordell contributed to the circumstances surrounding her claim. If Cordell wanted her counsel to have more than two weeks to prepare her case she should have notified the court of her inability to comply with the magistrate's conditioned order, which required her to retain counsel by July 21, 1989. Had Cordell complied with the order or notified the court of her apparent inability to comply, the court could have appointed her counsel as early as July 21, 1989, eighteen days before trial. Finally, and maybe most significantly, we emphasize the fact that Cordell's attorney never filed a motion for continuance.[1] *See Birt v. Montgomery*, 725 F.2d 587, 595 (11th Cir.) (en banc), *cert. denied*, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984) (emphasizing the lack of a motion for continuance in rejecting right to counsel of choice claim).

In *United States v. Martin*, 740 F.2d 1352 (6th Cir.1984), this court did not find an abuse of discretion where the trial judge failed to grant a continuance because defendant retained new counsel eight days before trial. The court stated that, in reviewing a denial of a motion for continuance, "we look to see if the defendant suffered any actual prejudice as a result of the denial, whether additional time would have produced more witnesses or have added something to the defendant's case." *Id.* at 1361. The court also noted that, like defense counsel in the present case, Martin's counsel "presumably had access to the fruits of appointed counsel's earlier preparation efforts." *Id.* Applying Sixth Circuit authority to the case at hand, we find the time given Cordell's attorney to prepare for trial not constitutionally inadequate.[2]

### III.

■ Next, Cordell contends that the district court abused its discretion in denying her motion for mistrial. We review the district court's denial of Cordell's motion for mistrial for abuse of discretion. *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir.1990), *petition for cert. filed*, No. 90–5804 (Sept. 24, 1990).

Cordell argues that the trial court abused its discretion in denying her motion for mistrial, on the ground of improper contacts among government witnesses and/or other non-witnesses.[3] A crucial is-

---

1. Initially, Cordell's attorney on appeal was the same as in the trial below, John Bell. In his appellate brief, Bell contends that when appointed he "was advised of the August 7 trial date and told that no continuance would be granted." We fail to consider Bell's statement alone as sufficient to view the filing of a motion for continuance as a mere formality, certain to be denied. No other evidence in the record supports Bell's claim here. In fact, Cordell's present attorney on appeal, Gary L. Sheets, states in his appellate brief that "reluctantly, appellant's present counsel must admit the reason why trial counsel never sought a continuance is *dehors* the record." (emphasis in original).

2. Moreover, Cordell's claim here fails to establish ineffective assistance of counsel under the highly deferential standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

3. Cordell also argues that the district court abused its discretion in denying her motion for mistrial on the ground that the prosecutor told testifying witnesses, about to leave the courtroom, that they had correctly identified the defendant. We find this claim to be without merit.

sue at trial was the identification of Cordell as the bank robber. The government moved for a separation of witnesses at trial and the request was granted. The government's witnesses were instructed not to discuss their testimony with anyone until the trial was over. Also, Cordell's counsel sought leave of court to seat Cordell in the gallery when the government's identification witnesses testified. Cordell's request was granted. Cordell's counsel arranged to have another person sit next to Cordell during a portion of the trial.

During the trial, one government witness, Deborah Leis, testified that she was not able to identify the robber. Leis did, however, identify the woman sitting next to Cordell as a person who resembled the robber. Later witnesses for the government identified Cordell as the bank robber. Cordell alleged before the trial judge that there had been some improper contacts between witnesses and others outside the courtroom. Such contacts, Cordell argues, aided government witnesses in identifying Cordell as the bank robber.

The district judge held a hearing outside the presence of the jury to determine whether there was any evidence to support Cordell's allegations of improper contacts. After this hearing, Cordell's attorney seemed convinced no impropriety had occurred, or at least that there was no evidence to support the allegations of impropriety. Moreover, the day after this hearing, the trial judge allowed Cordell to call two more witnesses to support the allegations of improper contacts. After hearing all the evidence on this point, the trial judge was convinced that no impropriety had occurred.

■ "[A] determination of the fairness to the accused is the primary concern in ruling upon a mistrial motion[.]" *United States v. Atisha*, 804 F.2d 920, 926 (6th Cir.1986), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987). Upon reviewing the record, we find that the trial judge conducted a proper and fair investigation of Cordell's allegations and that he did not abuse his discretion in denying the motion for mistrial. *Cf. United States v.*

*Pennell*, 737 F.2d 521, 532–33 (6th Cir. 1984), *cert. denied*, 469 U.S. 1158, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985) ("deference should be accorded a district court's findings made after a properly conducted hearing" on the issue of unauthorized contacts with jurors) (citing *Smith v. Phillips*, 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982)).

IV.

■ The third issue presented by Cordell is whether the trial court erred in denying her motions for a judgment of acquittal. "In deciding whether evidence is sufficient to withstand a motion for an acquittal, we must view the evidence and all reasonable inferences in the light most favorable to the government. If the evidence is such that we conclude that a reasonable mind might fairly find guilt beyond a reasonable doubt, the issue is one for the jury. If we conclude that a reasonable doubt is raised, we must reverse a denial of an acquittal motion." *United States v. Gibson*, 675 F.2d 825, 829 (6th Cir.) (citation omitted), *cert. denied*, 459 U.S. 972, 103 S.Ct. 305, 74 L.Ed.2d 285 (1982). Applying these principles to the record before us, we think that the court below acted properly in refusing to grant Cordell's acquittal motions.

In the Order Denying Motion for Release on Bond, the trial judge stated that:

[t]he weight of the evidence against [Cordell] was overwhelming: four eyewitnesses from each robbery scene were able to place the defendant at or near each of the bank robberies; her vehicle was either photographed or observed at both robberies; she had large amounts of currency in her possession after both robberies even though she was in poor financial condition; and, finally, she made large purchases with cash following the first robbery from which she had acquired $33,600.

After reviewing the record, we conclude that the evidence presented against Cordell is such that a reasonable mind might fairly find guilt beyond a reasonable doubt.

## V.

█ Finally, Cordell claims that United States Sentencing Guidelines (U.S.S.G.) § 3E1.1 unconstitutionally violates her Fifth Amendment right against self-incrimination and her Sixth Amendment right to a jury trial. Section 3E1.1 provides:

*Acceptance of Responsibility*

(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

(b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.

(c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.

Further, the commentary to § 3E1.1 provides in pertinent part:

Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.

Cordell contends that § 3E1.1 is violative of the Fifth and Sixth Amendments, because one means of obtaining the acceptance of responsibility adjustment is by pleading guilty. Cordell asserts that if one is forced to plead guilty in order to receive the two level adjustment for acceptance of responsibility, it could have a chilling effect on one's right against self-incrimination and one's right to a jury trial.

Several circuits have addressed the question of whether § 3E1.1 violates the Fifth and/or Sixth Amendments. All circuits addressing a facial challenge to § 3E1.1 on Fifth and Sixth Amendment grounds have concluded that it does not constitute a violation. *United States v. Crawford*, 906 F.2d 1531, 1534 (11th Cir.1990); *United States v. Gonzalez*, 897 F.2d 1018, 1020 (9th Cir.1990); *United States v. White*, 869 F.2d 822, 826 (5th Cir.) (per curiam), *cert. denied*, 490 U.S. 1112, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). *Cf. United States v. Knight*, 905 F.2d 189, 192 (8th Cir.1990) (district court's narrow application of § 3E1.1 impinged on Fifth amendment rights). Rejecting the defendant's Sixth Amendment challenge, the Ninth Circuit Court of Appeals in *Gonzalez* stated:

Contrary to Gonzalez's assertions, 3E1.1 authorizes reductions in sentences of defendants who are tried *as well as* of those who plead guilty. There is in fact no guarantee that a defendant who pleads guilty will receive the two-point reduction.

*Gonzalez*, 897 F.2d at 1020 (emphasis in original) (footnote omitted). With respect to the defendant's Fifth Amendment challenge the *Gonzalez* court stated:

it may be more difficult for a defendant who has protested his innocence throughout trial to convince the sentencing judge that he accepts responsibility for his crime without appearing to contradict his previous stance. But that difficulty does not suggest any constitutional infirmity in Section 3E1.1.

*Id.* at 1021.

Although § 3E1.1 may well affect how criminal defendants choose to exercise their constitutional rights, "not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid." *Corbitt v. New Jersey*, 439 U.S. 212, 218, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978). Also, the denial of a downward adjustment under § 3E1.1 does not constitute a penalty or an enhancement of sentence. Like the other circuits, we find that on its face § 3E1.1 is constitutional.

This is not to say, however, that a defendant could not successfully challenge an unconstitutional application of § 3E1.1. *United States v. Watt*, 910 F.2d 587, 591 (9th Cir.1990) ("Our rejection of a facial challenge to section 3E1.1 does not resolve the question whether this guideline may be applied in a manner that is unconstitutional."). After carefully reviewing the record,

however, we conclude that § 3E1.1 was constitutionally applied in this case.[4]

## VI.

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

**4.** We have considered other issues raised by appellant and find that they are without merit.