955 F.2d 764
 293 U.S.App.D.C. 436
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Anthony Quinn JONES, Appellant.
 No. 91-3163.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 24, 1992.
Motion to Stay Mandate Granted
April 27, 1992.
Rehearing and Rehearing En Banc
Denied June 15, 1992.
 
 Before WALD, STEPHEN F. WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the decision of the United States District Court is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 According to evidence presented by the Government at trial, at approximately 6:15 p.m. on January 14, 1991, Officer Benjamin Oh of the Metropolitan Police Department saw that a brown Volkswagen convertible, previously reported as stolen, was parked near the corner of Fourth and Adams Streets, Northeast. Oh remained in his police car and watched the Volkswagen until, about half an hour later, he was called to investigate a report that there had been a shooting in the area. After investigating the shooting, Oh saw someone driving a brown Volkswagen convertible in the 400 block of Rhode Island Avenue. Oh followed the Volkswagen and informed the radio dispatcher that he was pursuing the stolen car. A few minutes later he noticed that the car he was following had a different license plate number than did the stolen car, and he informed the dispatcher of his mistake.
 
 
 5
 Oh returned to the corner of Fourth and Adams, where the stolen Volkswagen was still parked. Approximately five minutes later, Anthony Quinn Jones entered the Volkswagen and began to drive away. Officer Oh stopped the Volkswagen and asked Jones whose car it was. Jones said that he did not know. Oh then arrested and handcuffed Jones. In the search of Jones incident to the arrest, Oh discovered an aspirin bottle that contained 68 rocks of cocaine, weighing 9.9 grams and having a street value of approximately $1360. After the search, Jones created a diversion and attempted to flee, but he was quickly apprehended.
 
 
 6
 Jones presented no testimonial evidence at trial. In cross-examining the Government's witnesses, Jones attempted to establish that he had been badly beaten by the police after he attempted to flee and that Officer Oh had testified inconsistently about whether he actually saw Jones enter the Volkswagen. Jones was convicted of possession with the intent to distribute five or more grams of cocaine base and sentenced to 110 months in prison.
 
 ANALYSIS
 
 7
 First, Jones argues that the Government violated the discovery rules by withholding Jones' arrest photograph and his pre-arrest statement. See FED.R.CRIM.P. 16(a) (granting criminal defendants the right to discover relevant information within the Government's control); FED.R.CRIM.P. 16(d)(2) (providing sanctions for discovery violations). Jones conceded at trial that he was not prejudiced by the Government's failure to produce the photograph, however, and he never objected to the admission of the statement on the ground that he was prejudiced by the Government's discovery violation. Because Jones failed to raise this argument at trial and because the error, if any, in the district court's failure sua sponte to impose sanctions on the Government (presumably by excluding the photograph and the statement) was not "plain error," see FED.R.CRIM.P. 52(b), Jones is not entitled to a reversal of his conviction based upon the alleged discovery violations.
 
 
 8
 Second, Jones argues that the Government violated the Jencks Act, 18 U.S.C. § 3500, by failing to provide him with the tape recording of the conversation between Officer Oh and the radio dispatcher until the first day of the trial. The Jencks Act requires the Government to produce relevant statements of a witness only "[a]fter [the] witness ... has testified on direct examination," id. § 3500(b); Jones received the tape recording before Officer Oh testified. Thus, the Government's production of the tape recording was timely under the Jencks Act.
 
 
 9
 Alternatively, Jones may be understood to be arguing either that the trial court did not provide adequate time for him to integrate the tapes into his defense, see id. § 3500(c), or that the trial court erred in not permitting him to use the transcripts of the tapes that he prepared. With regard to the former claim, Jones had the benefit of an overnight recess during which to integrate the tapes into his defense, and he never requested additional time from the trial court; with regard to the latter claim, a district court has broad power to regulate the admissibility of evidence, and the district court did not abuse its discretion in excluding the transcript, which even Jones admits was "rough."
 
 
 10
 Third, Jones moved before trial to exclude any reference to the Government's suspicion that Jones had stolen the brown Volkswagen. Jones objected both that this was inadmissible evidence of "other crimes," FED.R.EVID. 404(b), and that its probative value was substantially outweighed by the danger of unfair prejudice, FED.R.EVID. 403. The district court granted Jones' motion but warned that if Jones cross-examined Officer Oh regarding the circumstances of the arrest, the door would then be open for the Government to question Oh about his suspicion that Jones had stolen the brown Volkswagen. At trial, Jones did cross-examine Oh about the circumstances of the arrest, and so the district court allowed the Government, over Jones' objection, to question Oh about his suspicion that Jones had stolen the brown Volkswagen. Jones now argues that the admission of this "other crimes" evidence was error. Because of the overwhelming evidence of Jones' guilt, however, the error, if any, in admitting this evidence was harmless. See FED.R.CRIM.P. 52(a).
 
 
 11
 Fourth, Jones argues that the district court erred in denying him a two-level downward adjustment for acceptance of responsibility. See U.S.S.G. § 3E1.1(a) ("If a defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels"). In the initial presentence report, dated May 1, 1991, Jones' probation officer wrote,
 
 
 12
 The defendant fully accepts responsibility for having drugs in his possession, but has conveyed that there was no intent for distribution. He emphasized that this substance was for his own personal use and to be shared [with] and not sold to friends. In view of the defendant's statement, it is this officer's opinion that a 2 level reduction, pursuant to Section 3E1.1, is warranted.
 
 
 13
 The Government filed an objection with the probation officer on May 13, 1991 but did not serve Jones with a copy of the objection. In the final presentence report, dated May 16, the probation officer changed her recommendation, concluding that a § 3E1.1 reduction was not warranted after all. Jones first learned of the change in the probation officer's report at the presentence hearing on May 20; nine days later, the district court denied Jones' request for the § 3E1.1 reduction and sentenced Jones to 110 months in prison. Jones now argues that he was harmed by the Government's failure to inform him of its objections to the initial report before the presentence hearing, but Jones cites no specific authority--and we are aware of none--to support the proposition that the Government has a duty to provide a defendant with a copy of its objections.
 
 
 14
 Jones also argues that the district court erred in determining that he did not qualify for the § 3E1.1 reduction. Whether a criminal defendant has accepted responsibility sufficiently to qualify for the two-level reduction in § 3E1.1 is a question of fact. The district court's determination is " 'entitled to great deference,' " United States v. Taylor, 937 F.2d 676, 680 (D.C.Cir.1991) (quoting U.S.S.G. § 3E1.1, comm. 5), and will not be disturbed unless it is "clearly erroneous," id. Because even after the trial Jones still denied that he had an intent to sell the drugs, the district court's determination was not clearly erroneous.
 
 
 15
 Moreover, comment 2 to § 3E1.1 states,
 
 
 16
 This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.
 
 
 17
 U.S.S.G. § 3E1.1, comm. 2. Under comment 2, Jones clearly does not qualify for the two-level reduction. Jones argues that comment 2 is "almost comically unconstitutional," but it is well established that the Government may offer a defendant a shorter sentence in exchange for a guilty plea. See Brady v. United States, 397 U.S. 742, 753 (1970); see also, e.g., United States v. Cordell, 924 F.2d 614, 619 (6th Cir.1991) (§ 3E1.1 not unconstitutional); United States v. White, 869 F.2d 822, 826 (5th Cir.1989) (same). Functionally, § 3E1.1 is no more than a standing offer to barter a shorter sentence in exchange for the defendant's guilty plea.
 
 CONCLUSION
 
 18
 For the foregoing reasons, the judgment of the district court is
 
 
 19
 Affirmed.