**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0510n.06

No. 07-6128

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 13, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
    Plaintiff-Appellee,                      )
                                             )    ON APPEAL FROM THE UNITED
v.                                           )    STATES DISTRICT COURT FOR
                                             )    THE EASTERN DISTRICT OF
WILLIAM RANDY WHEELER,                       )    KENTUCKY
                                             )
    Defendant-Appellant.                     )

BEFORE: GRIFFIN and WHITE, Circuit Judges; and MURPHY, District Judge.[*]

PER CURIAM.

Defendant William Randy Wheeler, a federal prisoner, appeals pro se the judgment of conviction entered against him following a jury trial on a charge of bank fraud. Wheeler was sentenced to thirty-four months of imprisonment, and ordered to pay $1,070,954.62 in restitution, jointly with four co-defendants. For the following reasons, we affirm.

On appeal, Wheeler argues that his conviction was not supported by sufficient evidence, the prosecutor engaged in misconduct, and his motion for a mistrial should have been granted. In his opening brief, a claim of ineffective assistance of counsel was also raised, but in his reply brief, Wheeler concedes that such a claim should be raised in a motion to vacate sentence under 28 U.S.C. § 2255. *See United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005).

Wheeler, as president of an entity known as Quest Mining and Minerals, and one of his co-defendants, Fred Runyon, as president of a subsidiary known as Quest Energy LTD, operated several coal mines. Wheeler was in charge of securing investors for the enterprises, while Runyon

---

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

supervised the mining operations. It was not long before the income from investors and the sale of coal fell behind the operating expenses. Runyon then asked his sister, Judy Holbrook, the market president of a local bank, to supply them with cashier's checks to cover payrolls and suppliers' invoices. Cashier's checks normally must be paid for at the time they are issued. In the beginning, income eventually covered these checks, but after a while, Quest fell further behind financially, and was unable to cover the cashier's checks. At the time the bank discovered the problem, over one million dollars in uncovered cashier's checks were outstanding.

Wheeler argues that there was insufficient evidence to support his conviction. In evaluating such an argument, we view the evidence in the light most favorable to the prosecution, and determine whether any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Yang*, 281 F.3d 534, 551 (6th Cir. 2002). Wheeler essentially argues that there was insufficient evidence that he was aware of Runyon's and Holbrook's actions. Review of the transcript, however, shows that there was ample evidence that the jury may have credited in finding Wheeler guilty. Richard Newsom, a bank official, testified that Wheeler told him after the bank's discovery of the fraud that he knew Holbrook was working outside her line of authority. Runyon testified that Wheeler knew about the cashier's checks and persuaded him that incoming investments would cover them. Holbrook testified that she discussed the checks with Wheeler daily, that when she told Wheeler she was going to report the problem to her employer, Wheeler told her that she could not, and that she never did anything without Wheeler knowing about it. Another Quest employee, Larry Tackett, testified that Wheeler knew of the cashier's checks. Wheeler's argument that there was insufficient evidence to support his conviction is without merit.

Next, Wheeler argues that the prosecutor was guilty of misconduct in failing to turn over some evidence prior to the trial. The record shows that Wheeler was given a lengthy summary report showing the check numbers, dates, amounts, and payees for the Quest accounts. A box, however, of underlying documents (including the original checks and account statements) was inadvertently separated from the evidence disclosed. Review of the furnished report would alert the reader that

such documents existed. The prosecutor first realized that the box had not been provided on the second day of trial, at which point it was turned over. Not every error by a prosecutor amounts to misconduct, or reversible error. *United States v. Coker*, 514 F.3d 562, 568 (6th Cir. 2008). Here, Wheeler failed to show both that the omission was purposeful and that there was a reasonable probability that disclosure of the evidence would have changed the result of the proceeding. *United States v. Miller*, 161 F.3d 977, 986-87 (6th Cir. 1998). The missing evidence was correctly summarized in the report which he was furnished.

In a related argument, Wheeler claims that his motion for mistrial based on the discovery of the box of evidence should have been granted. The denial of a motion for a mistrial is reviewed for an abuse of discretion; the controlling factor is whether the trial was fair. *United States v. Cordell*, 924 F.2d 614, 618 (6th Cir. 1991). The district court afforded Wheeler ample opportunity to make his argument in support of a mistrial. The district court concluded that Wheeler was aware of the existence of the checks due to his possession of the summary report, and was not diligent in requesting the underlying evidence. The court also found that Wheeler had not shown that he would be prejudiced by the failure to receive the underlying checks and records prior to trial. Wheeler makes only a vague claim of prejudice without showing how the withheld evidence would have benefitted his defense. No abuse of discretion is apparent on this record.

Wheeler has conceded in his reply brief that his remaining claim of ineffective assistance of counsel should be addressed in a motion to vacate sentence. Because the claims presented are without merit, the district court's judgment is affirmed.