NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0440n.06

No. 15-3897

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Aug 01, 2016 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| JABBAR D. SPIRES, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE: WHITE and STRANCH, Circuit Judges; and MICHELSON, District Judge.**[*]

**HELENE N. WHITE, Circuit Judge.** After the district court denied Defendant Jabbar Spires's request for an adjournment of the trial date, he was convicted by a jury, as charged, of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (Count 1), and three counts of use of a telephone to facilitate drug trafficking in violation of 21 U.S.C. § 843(b) (Counts 4, 8, 11). The district court sentenced Spires to thirty months of imprisonment and three years of supervised release. Spires appeals, arguing that the refusal to extend the trial date violated his Sixth Amendment right to counsel and Fifth Amendment procedural due-process rights. We **AFFIRM**.

**I.**

In December 2014, Spires was indicted along with five other defendants in a fifty-one-count indictment. Shortly after pleading guilty to two counts of using a telephone to facilitate

---

[*] The Honorable Laurie J. Michelson, United States District Judge for the Eastern District of Michigan, sitting by designation.

drug trafficking, Spires filed pro se motions to withdraw his plea and to dismiss counsel. On March 11, 2015, the district court granted Spires's motion to dismiss counsel, appointed new counsel, and deferred consideration of Spires's motion to withdraw his guilty plea until Spires had an opportunity to consult with his new counsel.

On April 8, 2015, the district court held a hearing and granted Spires's motion to withdraw his guilty plea. The court then noted that trial for Spires's co-defendants was scheduled for the following Monday, April 13, 2015. After some discussion about whether Spires would be tried with his co-defendants, the following exchange occurred:

> THE COURT: . . . Well, then we'll just try Mr. Spires separate from the other three, unless – do you think he can be ready? You've had the discovery for ages.
>
> MR. EL-KAMHAWY [defense counsel]: That is correct, Your Honor. If I may, Your Honor, can I have until the end of the day to discuss it with my client, whether we're going to proceed forward on the 13th and in the alternative I will notify the Court that we would ask for an extension?
>
> THE COURT: Well, what I really am asking is why couldn't you proceed on the 13th?
>
> MR. EL-KAMHAWY: Your Honor, there is [sic] several motions that I would like to file with the –
>
> THE COURT: The motion date has passed. I mean, if he had a motion, he should have filed it ages ago, and so if he had a motion to suppress, it should have been filed ages ago. And if it had . . . any particular merit, one would have expected it would have been resolved before the plea.
>
> MR. EL-KAMHAWY: Your Honor, respectfully, I came in on 3/11, and –
>
> THE COURT: I understand. I'm not critical of you. I'm simply indicating that your client knew what was going on. There was no motion to suppress filed, and the motion date has passed. What other reason would there be for –

(Mot. Hr'g Tr., PID 2852–53.)

The court then further discussed the issue of trying Spires with his co-defendants and concluded, "at least as we stand today, why don't we plan on trying it Monday [April 13th]."

(*Id.*, PID 2856.) In response to the court's question whether there was "anything else," defense counsel asked for time to file proposed jury instructions, voir dire, and any motions in limine, "since there [was] the possibility of trying this case on the 13th." (*Id.*, PID 2856.) The court granted counsel until the end of the following day. (*Id.*)

Defense counsel filed proposed jury instructions, proposed voir dire, and motions in limine to prohibit the government from introducing 1) testimony about officers' interpretations of words used by the defendants in telephone conversations, and 2) testimony related to the traffic stop of a co-defendant and seizures from the homes of two other co-defendants.[1]

## II.

Spires argues that in keeping the trial date twenty-eight days after new counsel was appointed and subsequently denying counsel's request for an adjournment, the district court "effectively declined to afford Assigned Counsel sufficient time within which to prepare for trial" and file pretrial motions, thereby depriving Spires of effective assistance of counsel in violation of the Sixth Amendment and procedural due process under the Fifth Amendment.[2]

We review a district court's denial of a motion for a continuance for abuse of discretion.[3] *United States v. Warshak*, 631 F.3d 266, 298 (6th Cir. 2010). As this court and the Supreme Court have recognized, "district courts require a great deal of latitude in scheduling trials and, therefore, must be given broad discretion to determine whether to grant continuances." *United*

---

[1] The district court docket does not show rulings on these motions. And although the court may have ruled on the motions at trial, there is no trial transcript in the record.

[2] In his statement of issues, Spires also contends the district court erred in scheduling trial to begin twenty-eight days after new counsel was appointed. However, he makes no arguments to this effect in his brief, nor did he object on this basis in the district court. Further, for the reasons discussed below, this argument is without merit.

[3] The government argues we should review Spires's appeal for plain error because he never actually requested a continuance from the district court. However, we need not decide this issue because Spires's challenge fails under either standard.

*States v. Walden*, 625 F.3d 961, 964 (6th Cir. 2010) (citing *Morris v. Slappy,* 461 U.S. 1, 11–12 (1983)). Thus, "[d]enying even a justified request for a continuance is only a constitutional violation if the denial is based on the district court's unreasoned and arbitrary need for expediency." *Id.* To demonstrate reversible error, the defendant must show actual prejudice resulting from the denial, *United States v. Lewis*, 605 F.3d 395, 401 (6th Cir. 2010), that is, "that a continuance would have . . . added something to the defense," *Warshak*, 631 F.3d at 298 (quoting *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997)).

As an initial matter, Spires never filed a motion for a continuance. Rather, at the hearing on Spires's motion to withdraw his guilty plea, counsel asked for time to confer with Spires about whether he could proceed to trial the following week, and stated he would notify the court if he needed an extension; when the court asked why an extension would be necessary, counsel stated only that he wanted to file several motions. After the hearing, Spires did not further pursue his request for a continuance of the trial date.

Although counsel now contends he had inadequate time to prepare for trial, he never made this argument to the district court, nor did he request a continuance on that basis. Moreover, counsel was appointed a month before the trial, and at the April 8, 2015, hearing, he acknowledged that he had had the discovery for "ages." (Mot. Hr'g Tr., PID 2852.) Although requiring newly appointed counsel "to proceed to trial immediately after appointment without adequate opportunity for preparation" may deprive a defendant of effective assistance of counsel, *see United States v. Cordell*, 924 F.2d 614, 616 (6th Cir. 1991) (per curiam), there is "[n]o absolute rule . . . as to the minimum amount of time required for an adequate preparation for trial of a criminal case," *Warshak*, 631 F.3d at 298 (quoting *United States v. Faulkner*, 538 F.2d 724,

729 (6th Cir. 1976)). "It is therefore incumbent upon the defendant here to show prejudice." *Cordell*, 924 F.2d at 616 (citing *United States v. Wirsing*, 719 F.3d 859, 866 (6th Cir. 1983)).

Spires has provided no reason why twenty-eight days was insufficient here. *Cf. Cordell*, 924 F.2d at 616–17 (holding that amount of time newly-appointed counsel had to prepare was not constitutionally inadequate where attorney had fourteen days to prepare for trial, the defendant did not argue that the demands on counsel's time were "such that he was unable to spend an adequate amount of time on [the] case," and counsel never filed a motion for a continuance); *United States v. Martin*, 740 F.2d 1352, 1360–61 (6th Cir. 1984) (finding no abuse of discretion in denial of motion for continuance where new counsel had ten days to prepare, "presumably had access to the fruits of [prior] counsel's earlier preparation efforts," and made no showing of prejudice other than to argue the case was complex). The only justification Spires's counsel gave the district court for a potential continuance was that he wanted to file several motions; but, as the district court noted, the motions deadline had passed. Further, the record does not reflect that counsel ever sought to file untimely motions.

Nor has Spires shown that the court's denial of a continuance prejudiced his defense. He argues that if he had had time, he would have filed motions to suppress 1) any statements he made outside the presence of counsel, 2) wiretap evidence, 3) evidence not directly connected to Spires, but rather to other co-defendants, and 4) "jargon and/or to appoint an expert to interpret the language in the intercepted phone calls." (Spires Br. 11.) Contrary to Spires's contention that he *would have* filed these motions if given more time, the record shows that he *did* file two motions in limine after the hearing, seeking to prohibit the government from introducing 1) testimony about officers' interpretation of words used by the defendants in telephone conversations, and 2) testimony related to the traffic stop of a co-defendant and seizures from the

homes of two other co-defendants. As to the other two potential motions to suppress, Spires provides no indication of the arguments he would have made in those motions, why they could not have been filed when the other motions were filed, or why they would have succeeded. Any motions to suppress "would only have 'added something' [to the defense] if . . . successful." *Lewis*, 605 F.3d at 401–02 (holding that defendant could not show prejudice from denial of continuance to file suppression motion because motion was meritless). Finally, even if Spires had shown his motions to be meritorious, we would not be able to assess whether the failure to secure the exclusion of the evidence actually prejudiced his trial because Spires failed to order a trial transcript, or even discuss the trial evidence in his brief to this court.[4]

Accordingly, we cannot conclude that the district court abused its discretion in scheduling or in not extending the trial date, or that Spires suffered prejudice as a result.

### III.

For these reasons, we **AFFIRM**.

---

[4] It is the appellant's duty to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary," or to "file a certificate stating that no transcript will be ordered." Fed. R. App. P. 10(b)(1)(A), (B). Here, counsel ordered only a transcript of the plea withdrawal hearing. *See* Dkt. No. 7 (Tr. Order Form); *see also generally* Dist. Ct. Dkt.