NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0296n.06

No. 22-3688

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 27, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTIRCT OF |
| BRANDON BETHUNE, | ) | OHIO |
| Defendant - Appellant. | ) | OPINION |
| | ) | |

Before: BOGGS, WHITE, BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.**  Brandon Bethune was sentenced to 100 months in prison for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  He declined to accept responsibility, as was his prerogative, which would have reduced his sentence recommendation under the United States Sentencing Guidelines.  He now challenges the district court's failure to grant him an acceptance-of-responsibility downward adjustment as violative of the Fifth and Sixth Amendments of the U.S. Constitution.  Finding no plain error in the district court's conclusions, we affirm.

I.

On the afternoon of March 20, 2021, officers in Cleveland, Ohio received a radio call from Margo White, the mother of one of Bethune's children.  She claimed that Bethune had threatened her with a firearm earlier that day.  Officers arrived on the scene and met White outside her apartment.  White explained that at 8:00 a.m., Bethune had come to her aunt's home to drop off

baby food for their daughter. But she and Bethune got into an argument, and he threatened her with a firearm.

White told the officers that Bethune was in the apartment, and she consented to a search of her home so officers could find Bethune. Officers tried to arrest him, but he resisted. Bethune was placed in handcuffs, and he admitted he had a firearm in his waistband. The weapon was later determined to be inoperable because a round of ammunition was stuck in the chamber. After Bethune's arrest and during booking, four more rounds of ammunition were found in his pocket. At least some of the ammunition had been shipped through interstate commerce.

During a criminal-history check, officers learned that Bethune had prior felony convictions for domestic violence, so he was prohibited from possessing a firearm or ammunition. Bethune was indicted on July 14, 2021, and on April 7, 2022, a jury found him guilty of being a felon in possession of ammunition. During sentencing, the judge offered Bethune an opportunity to accept responsibility, but Bethune declined to do so. The judge concluded, "[T]he Court will not provide any reduction for acceptance of responsibility." Sentencing Transcript, R.59, PageID 688. With a guidelines range of 100 to 125 months, the court sentenced him to 100 months in prison. Had Bethune accepted responsibility, the range would have been 84 to 100 months. Bethune did not raise any constitutional issues at sentencing or otherwise before the district court. He timely appealed.

## II.

On appeal, Bethune challenges the district court's failure to grant him a sentence reduction under the acceptance-of-responsibility sentencing guideline, U.S. Sentencing Guidelines § 3E1.1(a). Under that provision, a defendant who "clearly demonstrates acceptance of responsibility" for an offense is entitled to a two-level decrease in the offense level. U.S.S.G.

§ 3E1.1(a). Bethune argues that this guideline violates his right to remain silent under the Fifth Amendment of the U.S. Constitution as well as his right to a fair jury trial under the Fifth and Sixth Amendments. The essence of his argument is that § 3E1.1(a) offers a "coercive choice" that operates as a "penalty" for remaining silent or proceeding to trial. Appellant's Br. at 19. He asks that this court vacate his sentence.

Bethune did not raise constitutional objections before the district court to the denial of a sentence reduction under § 3E1.1(a). "Forfeited constitutional sentencing issues generally receive plain-error review." *United States v. Yancy*, 725 F.3d 596, 600 (6th Cir. 2013) (citing *United States v. Hadley*, 431 F.3d 484, 498 & n.8 (6th Cir. 2005)). Bethune agrees that a plain-error standard applies.

We have previously held that "conditioning the acceptance of responsibility reduction on a defendant's waiver of his Fifth Amendment privilege against self-incrimination does not penalize the defendant for assertion of his right against self-incrimination in violation of the Fifth Amendment." *United States v. Clemons*, 999 F.2d 154, 161 (6th Cir. 1993) (quoting *United States v. Frazier*, 971 F.2d 1076, 1087 (4th Cir. 1992)). The reasoning for this rule was that if the "defendant's rehabilitation looks more certain," then judges have long had the power to reduce the sentence. *Id.* We have reached similar conclusions for the right to a jury trial under the Fifth and Sixth Amendments. *United States v. Cordell*, 924 F.2d 614, 619 (6th Cir. 1991) (holding that "on its face § 3E1.1 is constitutional" and that it "does not constitute a penalty" for the exercise of a defendant's constitutional rights).

Bethune attempts to escape our binding precedent by framing his challenge as an as-applied one. He argues that U.S.S.G. § 3E1.1(a) is unconstitutional "as applied to those who go to trial and maintain their factual innocence." Reply Br. at 4 (cleaned up). It is true *Cordell* left open the

possibility of as-applied challenges to § 3E1.1 for a violation of the jury-trial right. 924 F.2d at 619. But Bethune went to trial and the judge allowed him an opportunity to accept responsibility at sentencing. We are unconvinced that Bethune has suffered a penalty after he chose to proceed with a jury trial and was granted the opportunity during sentencing to claim a benefit that he says he was denied.

Bethune further argues that a concession offered to obtain the benefits of § 3E1.1(a) could be used against him in later proceedings, such as if he discovers new evidence that officers planted the ammunition on him. But this possibility does not change the fact that Bethune received a jury trial as well as the opportunity to accept responsibility and obtain the benefit of § 3E1.1(a). Bethune appears to be asking for the right to receive this benefit despite holding the government to its proof and preserving his unencumbered right to proceed with future attacks on his sentence. But "the reduction is 'not intended for a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt.'" *United States v. Hill*, 167 F.3d 1055, 1071 (6th Cir. 1999) (quoting U.S.S.G. § 3E1.1 cmt. n.2). So although a judge can apply § 3E1.1(a) after trial, *id.*, the provision is not intended to benefit a defendant who proceeds not just with trial, but with further challenges to his conviction and sentence. The district court did no more than apply the guideline in a standard fashion.

"[N]ot every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid." *Corbitt v. New Jersey*, 439 U.S. 212, 218 (1978). That is true here. We are satisfied that the district court's sentence was not plain error.

## III.

The district court did not plainly err when it denied Bethune an acceptance-of-responsibility reduction. We therefore AFFIRM.