UNITED STATES of America,
Appellee,

v.

Phillip WALLACE, Appellant.

No. 72-1458.

United States Court of Appeals,
Fourth Circuit.

Oct. 26, 1972.

Thomas A. Mickler, Alexandria, Va., on brief for appellant.

Brian P. Gettings, U. S. Atty., and Frank W. Dunham, Jr., Asst. U. S. Atty., on brief for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

On March 8, 1972, appellant, Phillip Wallace, an inmate of the Federal Reformatory at Lorton, Virginia, was convicted on separate counts charging him with unlawfully committing unnatural and perverted sexual practices with another inmate, one Tyrone Glenn, in violation of 18 U.S.C. §§ 7 and 13 and Virginia Code § 18.1–212, and with committing an assault on Glenn with intent to commit a felony in violation of 18 U.S.C. §§ 7 and 13, Virginia Code § 18.1–212, and 18 U.S.C. § 113(b).

Glenn testified: that on October 29, 1971, Wallace lured him into one of the dormitories at the reformatory and asked him to engage in perverted sexual practices; that Glenn refused; that Wallace struck him, pulled a knife and forced Glenn to go to a remote area of the dormitory; that Wallace and three other inmates, in turn, engaged in perverted sexual acts with Glenn under one of the dormitory beds.

Wallace testified in his own behalf and stated that *his* dormitory bed was low and that one person could not fit on top of another under that bed. However, from our examination of the excerpted portions of the trial testimony which have been furnished us on appeal the bed under which the perverted acts were alleged to have occurred was not identified as Wallace's bed or that of any other particular inmate. On rebuttal the Government introduced the testimony of Lt. Donald Pegelow, a correctional officer at the reformatory

with several years' service, who testified that, from an examination recently made and measurements taken, some of the beds in the dormitory are quite low while other beds are high enough to permit the assault which Glenn described.

Wallace now asserts that the admission of Lt. Pegelow's testimony was error. We cannot agree. This testimony was proper rebuttal testimony and was relevant to the issue which the Government sought to prove, i. e., that there are beds in the dormitory high enough to permit the alleged perverted activity engaged in by Wallace and Glenn. United States v. Glaziou, 402 F.2d 8, 16 (2 Cir. 1968).

Accordingly, finding no reversible error, we dispense with oral argument and affirm the judgment below.

Affirmed.