1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene HALEY, Defendant-Appellant.
 No. 92-3986.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1993.
 
 Before: MILBURN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Eugene Haley, appeals his conviction for violation of 18 U.S.C. Sec. 1711 for unlawful conversion of postal funds by a postal employee. For the following reasons, we affirm.
 
 I.
 
 2
 After a shortage in postal funds at the Southington, Ohio Post Office was discovered in August 1991, Postal Inspector Ralph Tyler conducted an investigation of forged and altered postal financial documents made in May-June 1991 including the office's account book. In the course of the investigation, Tyler interviewed the Officer-In-Charge of Southington, defendant Eugene Haley. After an initial denial, defendant admitted to changing the numbers on the documents at issue in order to cover up a shortage and forging the signature of postal employee Linda Cuttings as the name of the person who entered the faulty numbers. Tyler and Postal Inspector Charles Jeronis determined that defendant had embezzled $2,714.14 from postal funds for his own use by taking cash advances for payment of travel expenses and then filing a claim for reimbursement for travel and cashing that check for himself as well.
 
 
 3
 On March 3, 1992, a federal grand jury indicted defendant, charging one count of unlawful conversion of postal funds by a postal employee in violation of 18 U.S.C. Sec. 1711. A bench trial commenced on September 15, 1992, and defendant was found guilty on September 16, 1992. Defendant was sentenced to sixty days of home detention, two years of probation, and ordered to make restitution. Defendant timely filed this appeal.
 
 II.
 
 4
 Defendant first contends that the district court erred in allowing the rebuttal testimony of Postal Inspector Charles Jeronis.
 
 
 5
 At trial, defendant testified in his own defense that he had never been trained or had access to training manuals that explained the proper method of reimbursing himself for travel. He argued that because of his inexperience, he had accounted for money order disbursements incorrectly which led to the appearance of a shortage in postal funds. Defendant also testified that the procedures specified in the postal accounting handbook demonstrated how he had done the accounting incorrectly. He then attempted to demonstrate to the court, using hypothetical examples, that if he had not followed the incorrect procedures, there would have been no shortage.
 
 
 6
 The government called Postal Inspector Jeronis as a rebuttal witness to demonstrate that defendant's contention that there was no actual shortage, but only a mistake in the way he had accounted for the funds, was inaccurate. Jeronis was permitted to testify as an expert witness on the proper method of filling out Postal Form 1412 for travel advances and money orders. Jeronis testified that the method defendant had used initially in May-June 1991 to account for the money order disbursements in the accounting book was the correct method in order to demonstrate that defendant's allegation that he used an improper method of accounting due to inexperience was not true. Jeronis also testified that the supposedly "correct" method of accounting, which defendant had presented to the court to demonstrate that he had formerly made a mere error in the method of accounting, was an incorrect method and not the proper way to account for money orders as prescribed by the postal accounting handbook.
 
 
 7
 Defendant contends that this testimony violated Federal Rule of Evidence, Rule 702, which permits testimony by expert witnesses, if scientific, technical or other specialized knowledge will assist the trier of fact. He argues that the testimony of Jeronis as an expert witness was not relevant because defendant had admitted that he had blundered in the way he accounted for these disbursements.
 
 
 8
 Defendant's argument is to no avail. The relevance of Jeronis' testimony is apparent because if the court had followed the incorrect accounting procedures proposed by defendant, it would have been able to conclude that although defendant had blundered, it was an honest mistake and that he had not taken the money illegally. As the district court stated, "and now, ... as an issue in this case, how these forms should be prepared so that I can ascertain what credibility and what weight to give to the testimony of Mr. Haley, it is appropriate that the government, in rebuttal, address these same issues...."
 
 
 9
 Defendant also contends that the testimony was improper rebuttal evidence because rebuttal evidence is limited to issues of material fact, and the testimony concerning the correct "by the book" manner of accounting for advance travel and money order disbursements addressed a collateral issue.
 
 
 10
 This argument is without merit. The defense presented by defendant made the proper method of accounting a relevant issue. Contrary to defendant's contention, the rebuttal testimony of Jeronis directly contradicted defendant's version of the facts. Jeronis' testimony was proper as rebuttal evidence because it concerned factors which were not at issue until defendant presented his defense. See Goldsby v. United States, 160 U.S. 70, 74 (1895). All facts having rational probative value are admissible in rebuttal unless some specific rule of evidence forbids their admission. See United States v. Wallace, 468 F.2d 571, 572 (4th Cir.1972). In the present case, it is clear that the rebuttal testimony of Postal Inspector Jeronis had rational probative value and directly contradicted the version of the facts which defendant had introduced during his testimony. The district court did not err in admitting this testimony.
 
 III.
 
 11
 In support of his contention that there was insufficient evidence for his conviction of illegal conversion of postal funds, defendant reiterates the defense he used at trial--that he merely erred in his method of accounting for the funds and there was no actual shortage.
 
 
 12
 This argument does not suffice to challenge the sufficiency of the evidence. When reviewing a motion for a judgment of acquittal based on insufficient evidence, the court must view the evidence and all reasonable inferences in the light most favorable to the government. If the evidence is such that the court can conclude that a reasonable mind might fairly find guilt beyond a reasonable doubt, the conviction must be sustained. Hamling v. United States, 418 U.S. 87, 124 (1974); United States v. Cordell, 924 F.2d 614, 618 (6th Cir.1991).
 
 
 13
 When viewed in a light most favorable to the government, the record clearly indicates there is sufficient evidence that defendant converted postal funds to his own use while employed as an Officer-in-Charge of the Southington, Ohio, Post Office. There was extensive testimony by postal inspectors about how the loss of money was discovered, how the defendant took the money, and what the total amount of loss amounted to. The testimony and auditing forms presented at trial demonstrated how defendant took funds over a period of time by taking cash advances for travel expenses which he failed to pay back when he received a reimbursement check so that, in effect, defendant was paid twice for each travel expense. There was also testimony from three government witnesses that defendant admitted that he took the money and forged documents to cover it up. Defendant also made a signed sworn statement which was put into evidence, admitting he took the money and forged the documents to cover it up. For these reasons, the district court is affirmed on this issue.
 
 IV.
 
 14
 To conclude, the judgment of the district court is hereby AFFIRMED.