**UNITED STATES of America, Appellee,**

v.

**Alfonzo FORTE, Appellant.**

**No. 95–3076.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 23, 1996.

Decided April 16, 1996.

---

Adam S. Tanenbaum, student counsel, argued the cause for appellant. With him on the briefs were Steven H. Goldblatt, appointed counsel, Washington, DC, and Ellen R. Finn.

Andrew Kline, Assistant United States Attorney, argued the cause for appellee. With him on the briefs were Eric H. Holder, Jr., United States Attorney, John R. Fisher, Roy W. McLeese, III, and Brian M. Murtagh, Assistant United States Attorneys.

Before: WALD, WILLIAMS and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge WILLIAMS.

STEPHEN F. WILLIAMS, Circuit Judge:

Defendant raises the question whether the federal Sentencing Guidelines require a court to deny a defendant a sentence reduction for "acceptance of responsibility" when the defendant—while pleading guilty—lies about "relevant conduct." While we doubt that the guidelines create such an absolute bar to the reduction, ultimately we need not resolve the issue. The defendant's failure to preserve an objection at the time he was sentenced limits our review to plain error, which defendant has not shown.

\* \* \*

Defendant Alfonzo Forte escaped from the District of Columbia jail on January 19, 1995 by more or less walking out of it. He was caught three days later and ultimately pled guilty to escape and conspiracy. 18 U.S.C. §§ 751, 371 (1994). His coconspirator was his wife and codefendant, Janice Forte, who worked at the jail as a correctional officer under the name Janice Hubbard and was on duty when Forte escaped.

At his plea hearing, Forte claimed that his wife had simply been waiting outside in a car to drive him away. His only help in getting to the car, he said, had come from his prisoner ID badge from another prison facility, which he had flashed authoritatively to a series of slow-witted guards. The govern-

ment disputed Forte's account, assigning Janice Forte a more central role in the escape. The court accepted his guilty plea, as both accounts contained facts sufficient to establish his guilt.

At sentencing Forte sought a two-level reduction in his base offense level under the Sentencing Guidelines for "acceptance of responsibility" for his crimes. See U.S. Sentencing Guidelines ("U.S.S.G") § 3E1.1 (1995). The government opposed the request, presenting evidence—not disputed on appeal—supporting its prior contention that Janice Forte had done far more than drive a getaway car: she had escorted the defendant out of the jail herself, after providing him with a set of civilian clothes and a secret place in which to change into them.

The district court found that Forte had lied about the extent of his wife's participation in the escape, and that such participation was conduct relevant to his crimes. Citing this circuit's opinion in *United States v. Taylor*, 937 F.2d 676 (D.C.Cir.1991), and the Guidelines themselves, the court appeared to take the view that Forte's lies, rather than being merely a factor to be weighed in determining whether Forte had truly accepted responsibility for his wrongs, absolutely compelled denial of a reduction:

> But I do require and the guidelines require and the *Taylor* case requires a credible and complete explanation for the conduct surrounding the defendant's offense of conviction.
>
> Because of the credible and complete explanation test, the issue for this hearing then became whose version of the escape from the D.C. jail ... would be correct.

Sentencing Hearing at 175. Forte reads this as manifesting a view that Forte's lies were absolutely fatal to his request for an "acceptance of responsibility" reduction. We assume the point in Forte's favor; if that was not the judge's meaning, he sentenced in full accord with the interpretation of the Guidelines that Forte urges here.

■ Assuming this was in fact the court's basis for decision, Forte did not object to the idea or give the district court a competing view of the Guidelines. His counsel argued that to earn the downward adjustment Forte

need only make an admission of the core elements constituting the crime (i.e., those sufficient for a guilty plea) and express a willingness "to accept the consequences of [his] admissions." As counsel expressed it, the defendant could satisfy this latter constraint mainly (perhaps exclusively) by refraining from saying anything false that would, if accepted as true, lessen his *own* sentence. In other words, counsel directed his efforts to trying to define any false aspect of Forte's account of his escape as *irrelevant* under § 3E1.1. Neither before nor after the court made the statements quoted above, which Forte now says show its commitment to the view that a defendant's lies about relevant conduct absolutely bar an "acceptance of responsibility" reduction, did counsel assert the contrary. The district court's adoption of that theory, assuming it did so, is thus reviewable only for plain error. *United States v. Saro*, 24 F.3d 283, 286 (D.C.Cir. 1994).

■ To meet such a standard Forte must first show that the district court made an error that was obvious—"so 'plain' the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982)). He must also carry the burden of showing that the error was prejudicial, having "affected the outcome of the District Court proceedings." *Id.* Forte can do neither.

First, any error by the court was not obvious. The Guidelines and cases are somewhat murky on the effect of a defendant's lying about relevant conduct upon his ability to receive § 3E1.1's acceptance of responsibility adjustment. Application Note 1 of § 3E1.1 lists a number of nonexhaustive "appropriate considerations" to help determine whether a defendant qualifies for the reduction; these include, for example, voluntary payment of restitution to any victims and prompt, voluntary surrender after commission of the crime. U.S.S.G. § 3E1.1 Application Note 1. The first consideration listed relates to truthful admissions of the defendant's conduct:

(a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under·[§ 3E1.1(a) ]. A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner *inconsistent with* acceptance of responsibility.

*Id.* Application Note 1(a) (emphasis added).

The note carefully distinguishes between "conduct comprising the offense of conviction" and "additional relevant conduct for which the defendant is accountable under § 1B1.3." The parties have both argued the case before us as if Forte's lies related only to the latter. We are not so sure. As Forte was charged with conspiracy, the exact role of his coconspirator in this rather simple, one-shot operation might well be classified as "conduct comprising the offense of conviction." The answer to the precise question before us (are lies an absolute barrier or merely a negative factor in deciding on acceptance of responsibility?) might depend on the classification, for the note clearly attaches more importance to the defendant's being forthcoming on the "conduct comprising" the offense of conviction. But the distinction is not dispositive here, as we find no obvious error even making the assumption most favorable to Forte—that his lies related merely to "additional relevant conduct."

As to additional relevant conduct (and perhaps also to relevant conduct comprising the offense), the question posed by the note is how strongly to read the words "inconsistent with" in the last sentence. A strong reading would mean that mendacity as to relevant conduct would be an absolute bar to the reduction; a weak reading would mean that it only counted against award of the reduc-tion. (If balancing is appropriate, Forte would point to his having pled guilty relatively early in the proceedings, see *id.* Application Note 1(h), and also to his contention that his lies implicated him more, not less, since they minimized his wife's involvement (though thereby perhaps hiding the extent of his conspiracy with her).) As an abstract matter we would think the strong reading more probable, but interpretation is a contextual, not an abstract, art. Application Note 3 of the very same section uses the same phrase, clearly with the weak reading intended:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable ... will constitute significant evidence of acceptance of responsibility.... However, this evidence *may be outweighed* by conduct of the defendant that is *inconsistent with* such acceptance of responsibility....

*Id.* Application Note 3 (emphasis added). In the Note 3 context (the *absence* of false statements about relevant conduct, and thus the opposite of Forte's case), the Commission clearly uses "inconsistent with" to refer to conduct militating against—but not utterly barring—grant of the reduction. That it so used the term, adjacent to the use disputed here, strongly suggests, though not so strongly as to make the opposite conclusion obvious error, that the Commission viewed the lies about "additional relevant conduct" discussed in Application Note 1(a) as merely a factor in the trial judge's decision, not a trump.

Circuit law at the time of sentencing did nothing to establish the sentencing court's view as clear error. Quite the reverse. In *Taylor* we wrote that "[t]he district court properly interpreted the guideline to *require* a truthful and complete explanation of, and a genuine acceptance of responsibility for, all of the circumstances surrounding the defendants' ... offense." *Taylor*, 937 F.2d at 680 (emphasis added). Out of context this suggests that *Taylor* read the

Guidelines as absolutely requiring a truthful account of relevant conduct. But in fact *Taylor* was addressing the defendants' claim that the trial court had wrongly insisted on a truthful account of all "related conduct" as the term was used in the 1990 Guidelines. See U.S.S.G. § 3E1.1 Note 3 (1990). Those Guidelines spoke of "involvement in the of-fense" and "related conduct," and drew no special distinction between the two. The result was a series of Fifth Amendment challenges (including one by the *Taylor* de-fendants) arguing that a sentencing court's requirement that a defendant tell of all re-lated conduct might compel him to confess to other, uncharged crimes. It is, indeed, precisely such challenges that evidently led the Commission in 1992 to introduce the sharp distinction between "conduct compris-ing" and "additional relevant conduct." See, e.g., *United States v. White*, 993 F.2d 147, 150–51 (7th Cir.1993). In *Taylor* we saw no need to address the Fifth Amendment chal-lenge because we found that the defendants had an alternative, credible explanation that would not have required confession of other crimes, so that their unwillingness to offer the alternative explanation was enough to deny them the acceptance of responsibility reduction. *Taylor*, 937 F.2d at 681. Thus *Taylor* ultimately did not express a view as to whether the court below could have granted § 3E1.1's decrease in spite of the defendants' incredible stories, and it did not at all focus on the question of whether lies were a bar to or a mere weight against grant of the reduction. Accordingly, while in the end we conclude that *Taylor* does not support the government's analysis here, it also fails to support the defendant's—which would be necessary, given the uncertainty of the Guidelines' language, for him to estab-lish that the district court's position was clear error.

Cases from other circuits are also inconclu-sive. In *United States v. Rutledge*, 28 F.3d 998 (9th Cir.1994), the court said that the goals of the acceptance of responsibility pro-vision could not be met "if a defendant were eligible to receive the reduction even though he falsely denied relevant conduct," *id.* at 1002, indicating that absence of falsity was an absolute criterion of eligibility. But the court *also* said that once a defendant gives up his right to remain silent on relevant conduct and falsely denies it, the court "may *weigh* the false denial" in considering wheth-er to give the reduction. *Id.* (emphasis add-ed). It seems that that court was also not focusing on our issue. And in *United States v. Olea*, 987 F.2d 874, 878 (1st Cir.1993), the court rejected the defendant's claim that the sentencing court had given improper weight to his false denials of conduct beyond the offense of conviction, finding instead that the defendant's refusal to accept responsibility for the offense to which he had pleaded barred the reduction. Other cases offered by Forte are similarly unilluminating. In *United States v. Vance*, 62 F.3d 1152, 1159–60 (9th Cir.1995), a district court's denial of a § 3E1.1 reduction was reversed, but simply because the appellate court rejected the trial court's view that the defendant had failed to admit the offense conduct. The court had no occasion to address the issue before us. And *United States v. Gonzalez*, 16 F.3d 985, 990–91 (9th Cir.1993), reversed a denial of points for acceptance of responsibility, but only be-cause the court of appeals found that the trial court wrongly rested the denial solely on the defendant's false claim about his *motive* — that he had committed the crime only to save another's life. Thus, even had the district court looked beyond the Guidelines text and circuit law, it would not have found clear guidance.

■ Even if error were obvious, Forte would also bear the burden of proving a "reasonable likelihood" that the error affect-ed the sentence. *United States v. Saro*, 24 F.3d at 288. Despite *Saro*'s slightly in-creased willingness to find prejudice in sen-tencing as compared to trials, *id.*, Forte's claim cannot prevail. Here the district court interpreted Forte's story as not merely false but also as an attempt to foist responsibility onto others. At the sentencing hearing Forte's counsel suggested that the govern-ment's story, which emphasized Janice Forte's exploitation of her trusted role as correctional officer to escort Forte out of jail, was concocted to explain away the jail's neg-ligence in letting Forte walk right out. The court not only said that it was "completely

clear" to it that the "overwhelming preponderance" of the evidence favored the government's version of the escape, but also explicitly endorsed the government's view as to Forte's malign motivation:

> Now, that takes us back just for a moment to the standard of acceptance of responsibility. I said that the plea of guilty is necessary, but not sufficient. I suppose it's possible that a plea of guilty accompanied by nothing else, no other statements of any kind, might fulfill the requirements of acceptance of responsibility.
>
> But in this case they clearly do not. Not only did the defendants not accept responsibility, but they have attempted, in effect, to throw the responsibility on the Department of Corrections.

Assuming there was error in the court's belief in its lack of discretion in the matter, Forte has by no means convinced us that the court would have reached a different result if it had embraced Forte's view of the law.

The district court's refusal to grant a reduction for acceptance of responsibility was not plain error, and the judgment of conviction is therefore

*Affirmed.*