**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5521

JAMES WATSON, a/k/a Jay the
Jamaican,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5570

ROBERT WASHINGTON KINNEY, a/k/a
Kinney Boy,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-94-143)

Submitted: June 4, 1996

Decided: June 26, 1996

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. C. Powell, POWELL LAW OFFICES, Charleston, West Virginia; G. Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Watson ("Watson") and Robert Kinney ("Kinney") each entered a guilty plea to one count of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base. They appeal their sentences. Kinney claims that the district court clearly erred in refusing him a downward adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1994). Watson also claims that he was entitled to a downward adjustment for acceptance of responsibility and that the district court erred in giving him an obstruction of justice enhancement under USSG § 3C1.1. Finding that the district court did not clearly err in making its sentencing determinations, we affirm.

After entering plea agreements Kinney and Watson pleaded guilty at Rule 11 proceedings. During the Rule 11 hearings, they both admitted their involvement as drivers and delivery men in a cocaine conspiracy run by Anthony Roberts ("Roberts"). After their Rule 11 hearings, but prior to sentencing, Watson and Kinney filed motions to withdraw their guilty pleas. The district court denied the motions.

In support of his motion to withdraw his guilty plea, Kinney claimed that he never knowingly delivered drugs for Roberts and tes-

2

tified that he could make a credible argument of innocence. Based on these statements and Kinney's efforts to withdraw his guilty plea, the district court declined to award Kinney a downward adjustment for acceptance of responsibility.

At Watson's sentencing hearing, the government called Roberts to testify about Watson's involvement in the conspiracy. In response, Watson testified that his involvement in the conspiracy was very minimal and he only participated under duress from Roberts. This testimony directly contradicted Roberts's testimony, which outlined Watson's extensive involvement in the operation. The district court found Roberts's testimony to be more credible. Additionally, the court found that Watson, during his testimony, attempted to mislead the court in an effort to minimize his involvement in the conspiracy. The court further found that Watson also minimized his involvement during the preparation of the presentence report investigation. Based on these findings, the district court awarded Watson a two-level enhancement for obstruction of justice. Further, the court found that Watson, due to his actions, was not entitled to a downward adjustment for acceptance of responsibility.

A sentencing court's determinations regarding adjustments for acceptance of responsibility and obstruction of justice are primarily factual and, thus, this court applies a clearly erroneous standard of review. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). In addition, the sentencing court's determination of whether it should reduce a sentence is entitled to great deference. 18 U.S.C.A. § 3742 (West 1985 & Supp. 1996); United States v. Cusack, 901 F.2d 29, 31 (4th Cir. 1990).

The Guidelines allow a two-level reduction in a defendant's offense level if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct. USSG § 3E1.1. The defendant must prove by a preponderance of the evidence that an acceptance of responsibility adjustment is warranted. United States v. Gordon, 895 F.2d 932, 935 (4th Cir.), cert. denied, 498 U.S. 846 (1990). To qualify for the reduction, a defendant must make a voluntary and truthful admission of the related conduct, a complete explanation of all circumstances surrounding the offense, and a genuine acceptance of responsibility. United States v. Taylor,

3

937 F.2d 676, 679-80 (D.C. Cir. 1991). Moreover, a guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility. United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989); United States v. White, 875 F.2d 427, 431 (4th Cir. 1989).

In his motion to withdraw his guilty plea, Kinney denied involvement in the conspiracy and denied any knowledge of the conspiracy. Kinney's attempt to withdraw his guilty plea, and his statements in support thereof, directly rebut his contention that he made an affirmative acceptance of personal responsibility for his conduct. Therefore, the district court did not clearly err in denying Kinney a reduction for acceptance of responsibility.

The district court properly imposed an obstruction of justice enhancement on Watson pursuant to USSG § 3C1.1. At sentencing and during the preparation of the presentence report, Watson went to great lengths to minimize his role in the conspiracy. The district court found that Watson was "trying to mislead the court." For his misinformation at sentencing, Watson properly received an obstruction of justice enhancement under section 3C1.1. See United States v. Dunnigan, 507 U.S. 87, 95-98 (1993) (willful presentation of false testimony constitutes obstruction of justice). The district court's conclusion was not clearly erroneous; thus, the two-level enhancement for obstruction of justice was proper.

The acceptance of responsibility adjustment is not ordinarily available to a defendant who obstructs justice, USSG§ 3E1.1, comment. (n.4), and this is not an extraordinary case in which both adjustments might be warranted. United States v. Miller, 77 F.3d 71, 74 (4th Cir. 1996). Accordingly, the district court did not clearly err in denying Watson a downward adjustment.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4