110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis FLORES, Defendant-Appellant.
 No. 96-50206.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1997.
Decided March 25, 1997.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and JENKINS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 After pleading guilty to possession with an intent to distribute 500 grams of heroin in violation of 21 U.S.C. § 841(a)(1), Jose Luis Flores was sentenced by the district court to seventy-eight months in prison. On appeal, Flores claims that the district court committed clear error when it failed to reduce his sentence by three levels based upon his acceptance of responsibility. Because we conclude that the district court's decision not to adjust Flores's sentence was not clearly erroneous, we affirm.[1]
 
 I. FACTUAL BACKGROUND
 
 4
 On March 23, 1995, Jose Luis Flores was arrested after delivering just over 500 grams of heroin to a confidential informant. A two-count Indictment was handed down on May 2, 1995. On August 8, 1995, Flores entered into a written plea agreement to plead guilty to possession of 500 grams of heroin with intent to distribute.
 
 
 5
 In the plea agreement, Flores and the Government agreed that the base offense level for the offense of conviction would be a level 28. The Government further agreed that it would "recommend a three-point reduction in the applicable sentencing guideline offense level ... provided you [Flores] continue to demonstrate an acceptance of responsibility for this offense by virtue of your conduct up to and including the time of sentencing." (Emphasis added). As part of the plea agreement, the parties agreed to a stipulated statement of facts that indicates that between November 1994 and March 1995, Flores had various discussions concerning the sale of narcotics with a confidential informant.
 
 
 6
 On October 2, 1995, Flores pled guilty to Count Two of the Indictment and was sentenced on March 28, 1996. At the sentencing hearing, the Government asserted that Flores was not entitled to a reduction for acceptance of responsibility because he continued to falsely deny relevant conduct and otherwise attempted to minimize his role in the offense. Specifically, the Government argued that despite the fact that both the evidence and the stipulation of facts annexed to the plea agreement indicated that Flores negotiated for the purchase and sale of heroin as early as November 1994, Flores continued to deny that he ever offered to sell or buy drugs at any time prior to March 1995.[2] More specifically, the Government argued that during a post-plea proffer session Flores stated that he never bought, sold, or told anyone he could buy or sell drugs prior to March 1995.
 
 
 7
 The district court agreed with the Government and found that the November 1994 conduct between Flores and the CI was in fact relevant conduct. The district court then found that Flores was indeed "backing away from that." Because it found that Flores was falsely denying relevant conduct, the district court held that Flores was not entitled to a reduction for acceptance of responsibility. Ultimately, the court sentenced Flores to seventy-eight months imprisonment. On April 8, 1996, Flores moved for reconsideration of his sentence arguing that the district court erred when it denied him a sentence adjustment for acceptance of responsibility. The district court denied his motion and this appeal followed.
 
 II. DISCUSSION
 
 8
 We begin our analysis by noting that a district court's factual finding that a defendant is not entitled to a sentence adjustment for acceptance of responsibility is reviewed for clear error and is entitled to great deference, United States v. Rutledge, 28 F.3d 998, 1000-01 (9th Cir.1994), cert. denied, 115 S.Ct. 1161 (1995), and will not be disturbed unless it is without foundation. United States v. Gonzalez, 16 F.3d 985, 990 (9th Cir.1993). In addition, the district court's factual determination that behavior is "relevant conduct" under the guidelines is reviewed for clear error. United States v. Kahlon, 38 F.3d 467, 470 (9th Cir.1994).
 
 A. Acceptance of Responsibility
 
 9
 The guidelines list a number of non-exhaustive "appropriate considerations" to help the court determine whether an adjustment for acceptance of responsibility is warranted. Foremost among these considerations is whether the defendant is "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3." U.S.S.G. § 3E1.1, comment. (n. 1(a)). "However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id. In addition, conduct indicating an acceptance of responsibility "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 3).
 
 
 10
 Without a doubt, Flores timely pled guilty to Count Two of the Indictment. However, despite the fact that he already admitted discussing the sale of narcotics as early as November 1994, Flores later maintained that his only involvement with narcotics was limited to the actual distribution on the date charged in the Indictment--the March 1995 distribution. In a proffer session with the Government just days before his sentencing, Flores continued to deny any involvement with drugs before March 1995.
 
 
 11
 The district court stated that it did not believe Flores was entirely truthful about the role he played in the charged distribution. What properly concerned the district court was Flores's denial of any conduct involving the distribution or potential distribution of heroin before March 1995, despite what it saw as sufficient proof to the contrary, proof which included Flores's prior admissions. The district court concluded that Flores falsely denied relevant conduct and denied him an adjustment for acceptance of responsibility.
 
 
 12
 Lying, of course, should generally preclude a reduction for acceptance of responsibility. See United States v. Magna-Guerrero, 80 F.3d 398, 402 (9th Cir.) ("Lying with the hope of avoiding a degree of culpability or punishment is the very antithesis of acceptance of responsibility."), cert. denied, 117 S.Ct. 141 (1996); United States v. Johnson, 953 F.2d 1167, 1173 (9th Cir.) (defendant who lied about his responsibility for offense did not demonstrate acceptance of responsibility), cert. denied, 506 U.S. 879 (1992). The guidelines in fact (stating an obvious proposition) provide that lying about relevant conduct is "inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 1(a)) (defendant who "falsely denies ... relevant conduct ... has acted in a manner inconsistent with acceptance of responsibility").
 
 B. The Concept of Relevant Conduct
 
 13
 In an effort to achieve "real offense" sentencing, the guidelines first consider the facts which prove the elements of the crime. The defendant's "relevant conduct," which serves to further define the "real offense," includes acts or omissions "committed" or "counseled" by the defendant "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A).[3] This provision considers the actions of the defendant apart from actions cited in the charged crime. Instead of focusing on a one-time snapshot of conduct at the time the charged offense was committed, the guidelines intended relevant conduct to be viewed "as a moving picture that begins with acts in preparation for the offense and ... extends to the time of sentencing." William W. Wilkins, Jr. & John R. Steer, Relevant Conduct: The Cornerstone of the Federal Sentencing Guidelines, 41 S.C.L.Rev. 495, 504 (1990); see also id. ("Although the actual commission of an offense brings the defendant before the court, the sentence imposed should also reflect conduct both preparatory and subsequent to the offense in order to be consistent with the purposes of sentencing."); United States v. Webster, 996 F.2d 209, 212 (9th Cir.1993) (holding that scope of relevant conduct for purposes of a downward adjustment includes collateral conduct beyond charged offense).
 
 
 14
 The guidelines make clear that "relevant conduct" includes specific acts and omissions for which the defendant may be held accountable, and is not limited to acts for which the defendant may be criminally liable. U.S.S.G. § 1B1.3, comment. (n. 1). The extent of a defendant's involvement in a drug distribution ring is conduct for which the defendant would be held "accountable." For example, if a defendant is found to have been an organizer, leader, or manager of the distribution, the defendant's offense level will be increased by at least two levels. U.S.S.G. § 3B1.1. Conversely, if a defendant played only a minor or minimal role in the criminal activity, the defendant's offense level may be decreased by up to four levels. U.S.S.G. § 3B1.2. In addition, if a defendant abused a position of trust in a manner which somehow facilitated or helped conceal the distribution, the guidelines authorize a two level increase. U.S.S.G. § 3B1.3. And, if a defendant "clearly demonstrates acceptance of responsibility," a decrease of two or three levels may be appropriate. U.S.S.G. § 3E1.1.
 
 
 15
 "Relevant conduct" is defined broadly by the guidelines as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" that occurred "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A). Within this definition, however, there are two conceptual subsets or clusters of "relevant conduct." The first consists of the conduct establishing the elements of the offense. Initially, this conduct must be alleged in the indictment or information. It must then either be proven at trial or acknowledged. This subset also includes conduct surrounding the circumstances of the offense of conviction--i.e., conduct "in preparation for" the offense and conduct "in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A); see United States v. Savage, 67 F.3d 1435, 1443 (9th Cir.1995) ("relevant conduct" includes acts " 'committed or aided or abetted by the defendant' in preparation for the offense") (citation omitted), cert. denied, 116 S.Ct. 964 (1996). The second subset of relevant conduct goes beyond the offense of conviction to reach other acts or omissions arising out of the same course of conduct or common scheme or plan as the offense of conviction. U.S.S.G. § 1B1.3(a)(2). Within these subsets or groupings, particular relevant conduct may or may not constitute a separate criminal act.
 
 C. Analysis
 
 16
 In this case the district court viewed Flores' November 1994 conduct as "relevant conduct." The evidence before the court indicated that in November of 1994 Flores advised the CI that he had an available source that could supply heroin for $850 an ounce. Flores provided the CI with a means to contact him regarding future drug sales by furnishing his pager number to the CI. Based on the fact that the two charged heroin distributions were arranged through the use of the pager, it appears that this initial meeting proved to be an important part of the offense preparation for the planned distribution. The November meeting was an act "committed ... [or] counseled ... in preparation for" the offense of conviction--heroin distribution. As such, Flores's November conduct falls within what we have described as the second subset of relevant conduct. See U.S.S.G. § 1B1.3(a). Thus, the district court was correct in finding that the November 1994 conduct was "relevant conduct" and that Flores's false denial of this conduct supported its decision to deny him a downward adjustment for acceptance of responsibility.[4]
 
 
 17
 More broadly examined, Flores' false denials could also be viewed as a failure to "truthfully admit the conduct comprising the offense(s) of conviction." U.S.S.G. § 3E1.1, comment. (n. 1(a)) & (n. 3). If so viewed, Flores could properly be denied an acceptance of responsibility adjustment. See United States v. Forte, 81 F.3d 215, 218 (D.C.Cir.1996) (noting that whether court treats defendant's false denial of his role in the offense as a failure to truthfully admit conduct comprising the offense of conviction or as a false denial of relevant conduct, such denial precludes granting a reduction for acceptance of responsibility); United States v. Hammick, 36 F.3d 594, 601 (7th Cir.1994) (denying defendant adjustment because her refusal to answer questions concerning how she arrived in Wisconsin was a "refusal to provide a complete explanation of how she committed her offenses [and] demonstrated a lack of genuine remorse on her part, [which] warrant[ed] denial of an acceptance of responsibility reduction"); United States v. Reyes, 9 F.3d 275, 279 (2d Cir.1993) (stating that in examining whether a defendant has accepted responsibility the district court may require a "candid and full unraveling" of the conduct involved in the offense of conviction and "need not accept lies or equivocation"); United States v. Taylor, 937 F.2d 676, 678, 680-81 (D.C.Cir.1991) (noting that requiring defendants to accept responsibility for actions beyond the narrow elements of the offense of conviction is not error and denying adjustment to defendants who failed to "voluntarily and truthfully admit[ ] ... the full extent of their involvement in the offense that is involved and in all the related conduct which is a prerequisite").
 
 
 18
 Based upon the record, the district court found that Flores was falsely denying relevant conduct. The district court, having found that the November 1994 discussions were relevant conduct, correctly determined (or at a minimum has not committed clear error in determining) that Flores's false denial of that conduct was inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n. 3). Under the deferential standard applied to a district court's ruling on an acceptance of responsibility adjustment, (see U.S.S.G. § 3E1.1, comment. (n. 5); Rutledge, 28 F.3d at 1000), the district court had ample room to conclude that Flores had a greater connection to the November 1994 relevant conduct than he was admitting. The district court properly felt that Flores was being less than forthright with the Government and undeserving of an acceptance of responsibility adjustment. Such a finding is not clearly erroneous and is amply supported by the record. Therefore, the district court's ruling denying Flores a three-level adjustment for acceptance of responsibility was not clearly erroneous.[5] Cf. Rutledge, 28 F.3d at 1002-03 (district court did not commit clear error when it denied sentence adjustment for acceptance of responsibility to defendant who falsely denied involvement in attempted robbery); United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992) (district court's decision to deny acceptance of responsibility adjustment to defendant who offered contradictory statements regarding relevant conduct was not clearly erroneous).
 
 IV. CONCLUSION
 
 19
 Because we conclude that the district court did not commit clear error when it determined that Flores was not entitled to a sentence adjustment for acceptance of responsibility, we
 
 
 20
 AFFIRM.
 
 
 
 *
 The Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Government argues that this Court should not review the merits of this appeal because in his plea agreement Flores waived his right to appeal any sentence within the applicable guideline range. Because conclude that, based upon the factual circumstances of this case, this purported waiver is ineffective, we will examine the merits of Flores' appeal
 
 
 [2]
 Flores, in response to a query by the district court at his change of plea hearing on October 2, 1995, testified that the statement of facts annexed to his presentence report, which included the conduct of November 1994, was indeed true. In addition, in his memorandum regarding sentencing factors, Flores admitted that he agreed to provide heroin to the CI in March 1995, "over four months after being approached by the CI" about a possible drug deal. Moreover, in an interview, Flores indicated that he met the CI "last year" and that the CI had been "bothering him for a long time to deal with drugs." Similarly, in a presentence interview with the probation office, Flores indicated that the CI was after him for some time to aid in the heroin distribution. Flores stated that the CI is "telling me, and telling me seven to eight months [to get involved with drugs].... I didn't pay heed to that person, and finally I did and here I am in jail."
 
 
 [3]
 The concept of "relevant conduct" may also include other crimes which form part of the "same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). In addition, in a jointly undertaken criminal activity, "relevant conduct" is broadened to also include "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B)
 
 
 [4]
 See United States v. Vital, 68 F.3d 114, 120-21 (5th Cir.1995) (holding district court did not err when it denied adjustment based upon defendant's continued denial of his possession of cocaine and his denial of ever visiting or living at the house that was the scene of the offense of conviction, along with the defendant's denial that he ever told anyone that others were selling cocaine for him or that he purchased cocaine from a source in another city); United States v. Vance, 62 F.3d 1152, 1160 (9th Cir.1995) (noting that defendant's lies about relevant conduct are evidence which the district court may weigh against acceptance of responsibility); United States v. Jones, 52 F.3d 697, 701-02 (7th Cir.1995) (affirming denial of adjustment based on discrepancies in defendant's statements regarding extent of her involvement in offense and her "failure to acknowledge, despite proof to the contrary," her direct involvement in certain aspects of the offense); United States v. Linnear, 40 F.3d 215, 222 (7th Cir.1994) (finding defendant's minimization of his role in the offense was a false denial of relevant conduct that supported the district court's denial of an acceptance responsibility reduction); United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992) (affirming denial where defendant admitted only to engaging in smuggling between January and March 1990, despite the fact that the defendant previously admitted to investigators that she had engaged in smuggling for twelve years); United States v. Smith, 905 F.2d 1296, 1301-02 (9th Cir.1990) (affirming denial where the district court found defendant's versions of facts given initially to investigators "noticeably differed" from version given subsequently to probation officer)
 
 
 [5]
 Our earlier decisions in United States v. Khang, 36 F.3d 77 (9th Cir.1994), and United States v. Gonzalez, 16 F.3d 985 (9th Cir.1993), are not to the contrary. In both cases the court found that a defendant's statements regarding the motive for committing a crime should not play a role in determining whether or not the defendant is entitled to a sentence adjustment for acceptance of responsibility. Khang, 36 F.3d at 79; Gonzalez, 16 F.3d at 991. Importantly, in neither case was there a finding by the district court that the defendant was falsely denying relevant conduct. See, e.g., Khang, 36 F.3d at 80 ("Lying about motive to obtain a departure.... is not, in the special, technical sense in which § 1B1.3 defines it, 'relevant conduct.' ")