**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4447

DAVID D. POWELL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-97-544-DWS)

Submitted: December 22, 1998

Decided: January 19, 1999

Before WIDENER, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Marshall Prince, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David D. Powell appeals from his conviction and his sentence of 365 months for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994). Powell's attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Powell's guilty plea and whether the district court erred in overruling Powell's objections at sentencing. Counsel asserts that there are no meritorious issues for appeal. Powell was notified of his right to file an additional brief, but has not done so. We affirm.

Powell first contends that the district court improperly conducted the Rule 11 hearing in accepting his guilty plea. In reviewing the adequacy of compliance with Rule 11, this court accords great deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations are evaluated under the harmless error standard. Id. at 117. This court may vacate a conviction resulting from a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. Id.

Our review of the record discloses that the district court sufficiently complied with Rule 11 in informing Powell of his rights and in ascertaining the voluntariness of his plea. We find that because Powell's substantial rights were not in any way compromised, any alleged error during the Rule 11 colloquy was harmless.

Powell also maintains that the district court erred in overruling his objections to the presentence report at sentencing. Powell objected to a two-level enhancement for obstruction of justice and to the denial of a reduction in his offense level for acceptance of responsibility. A sentencing court's determinations regarding adjustments for acceptance of responsibility and obstruction of justice are primarily factual and, thus, this court applies a clearly erroneous standard of review. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). In addition, the sentencing court's determination of whether it should

2

reduce a sentence is entitled to great deference. See 18 U.S.C.A. § 3742 (West 1985 & Supp. 1998); United States v. Cusack, 901 F.2d 29, 31 (4th Cir. 1990).

The district court properly imposed an obstruction of justice enhancement on Powell pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (1997). According to the presentence report, Powell sent a letter to a co-defendant asking him to take responsibility for possession of some of the firearms in exchange for monetary compensation. Powell admitted that he wrote the letter. In light of this, the district court's conclusion to impose a two-level obstruction of justice enhancement was not clearly erroneous.

The Guidelines allow for a reduction in a defendant's offense level if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct. See USSG § 3E1.1. The defendant must prove by a preponderance of the evidence that an acceptance of responsibility adjustment is warranted. See United States v. Gordon, 895 F.2d 932, 935 (4th Cir. 1990). To qualify for the reduction, a defendant must make a voluntary and truthful admission of the related conduct, a complete explanation of all circumstances surrounding the offense, and a genuine acceptance of responsibility. See United States v. Taylor , 937 F.2d 676, 679-80 (D.C. Cir. 1991). Moreover, a guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility. See United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989); United States v. White, 875 F.2d 427, 432 (4th Cir. 1989).

The acceptance of responsibility adjustment is not ordinarily available to a defendant who obstructs justice, USSG§ 3E1.1, comment. (n.4), and this is not an extraordinary case in which both adjustments might be warranted. See United States v. Miller , 77 F.3d 71, 74 (4th Cir. 1996). Accordingly, the district court did not clearly err in denying Powell a downward adjustment.

Next, Powell maintains that the district court erred at sentencing in finding that his relevant conduct included possession of twenty-nine firearms, one of which was a sawed-off shotgun. Although Powell pleaded guilty to one count of possessing only two firearms, the probation officer held Powell accountable for twenty-nine firearms

3

recovered by the police. The presentence report was based on statements of individuals who stated that Powell and other co-defendants sold the firearms as part of the overall conspiracy. Based on the evidence presented, we find no error in the district court's attributing to Powell a base offense level of 26 because of his prior convictions and because one of the firearms was a sawed-off shotgun. See USSG § 2K2.1(a)(1). We also find no error in the imposition of a five-level enhancement for the twenty-nine firearms recovered by the police. See USSG § 2K2.1(b)(1)(E).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

4